FRUGÉ, Judge.
Darbes Fontenot filed this suit against Charles Molbert to set aside a sale of certain land and improvements for failure of *681 the seller to deliver title registration to certain house trailers located on the property. He also claimed damages as a result of the failure to deliver such title registration on the grounds that he was unable to sell the property without title certificates. The title certificates were delivered to plaintiff shortly before the trial. The trial judge found that the delay in delivering the title certificates could not be a basis for setting aside the sale, and that the plaintiff had not proved any damages that he suffered as a result of the delay; therefore, judgment was rendered in favor of the defendant. We affirm.
The property involved in this suit is certain real estate located in the city of Lake Charles. It was used as a trailer rental park for several years prior to the sale in question. Nine trailers were located on the property and were connected to the sewerage, water, and electrical systems of the city. The trailers were rented to tenants on a monthly basis by Molbert. On August 27, 1969, Molbert sold to Fontenot the real estate, including the house trailers located on the property. The act of sale stated the consideration to be $12,500, of which $4,000 was paid immediately, with a balance of $8,500 payable in monthly installments, secured by a mortgage and vendor’s lien. While Fontenot was paying the credit portion of the price Molbert retained possession of the title certificates to the house trailers. On January 14, 1972, Fon-tenot made the last payment due on the purchase price. Following the purchase of the real estate by Fontenot he continued to rent the trailers and was operating the trailer park as rental units at the time of the trial. Following the final payment of the purchase price, Fontenot asked Molbert for the title certificates. He was told by Molbert that the title certificates would be sent to him through the mail the following week. The record indicates that the title certificates were not forthcoming and that the plaintiff made an effort to obtain these documents from the defendant, but no attempt was made to obtain title certificates from the Department of Revenue. Demand was made by an attorney for Fon-tenot upon an attorney for Molbert by letter dated April 12, 1972. The title certificates were delivered to the attorney for Fontenot on February 14, 1974, shortly before trial, and were accepted without reservation. The record does not reflect why there was a delay in obtaining and furnishing the certificates by Molbert.
Fontenot testified during the trial that he had an opportunity to sell the property for a price of $20,000 to a relative, Elben Fontenot, but was unable to do so because he was unable to produce the title certificates to the trailers located on the property. The testimony of Elben Fontenot indicated that he had indeed discussed the purchase of the land and trailers with the plaintiff, but there had been no written offer to purchase entered into nor had any earnest money been paid. The trial judge in his written reasons for judgment stated that under the circumstances Elben Fon-tenot had not been bound to purchase the property, and that the evidence indicated only preliminary negotiations had been entered into with reference to a sale'of the property involved. Under the circumstances, the trial judge found that the plaintiff had not suffered any damages because of the failure of the defendant to deliver the title certificates. He further concluded that the delay in delivering the title certificates was not a basis for setting aside the sale. “The titles have now been delivered and the fact that they were not delivered did not impede the rental of the trailers, nor was the plaintiff ever disturbed in his possession of the property. Under the circumstances the demands of the plaintiff shall be denied.” (Tr. 23.)
On appeal, the plaintiff alleges error on the part of the district court in two areas: (1) in misapplying or misconstruing the law of warranty, and (2) in requiring written proof of the missed opportunity to sell at a substantial profit which plaintiff established to substantiate his claim for damages. He argues that the title certifi *682 cates are accessories to the sale of the house trailers and that, as such, the defendant was obligated to deliver them when the credit portion of the purchase price was paid. He bases this argument on Article 2490 of the Civil Code, which provides as follows:
“The obligation of delivering the thing includes the accessories and dependencies, without which it would be of no value or service, and likewise everything that has been designed to its perpetual use.”
The plaintiff argues that since the defendant failed to deliver the title certificates there was a failure of consideration which permits him to rescind the sale. He further argues that the failure to deliver the title certificates constituted a breach of the seller’s obligations under Article 2475 of the Civil Code “of delivering and . of warranting the thing which he sells.”
We agree with the trial court’s decision that the relief sought by the plaintiff, rescission of the sale, cannot be granted to him. The record shows that the titles were delivered to the plaintiff in this case and that the plaintiff accepted them without reservation. Therefore, the seller’s obligations under Civil Code Articles 2490 and 2475 have been met.
With reference to the damage allegedly suffered by the plaintiff, the testimony indicated that Fontenot had an opportunity to sell the property for the price of $20,000 to a relative, Elben Fontenot, but was unable to do so due to the fact that he could not produce the title certificates to the trailers located on the property. Elben Fontenot testified that he discussed the purchase of the land and trailers with Darbes Fontenot, but that there was no written offer to purchase entered into by the two parties, nor was any earnest money paid by him. The trial judge found that under the circumstances Elben Fon-tenot was not bound to purchase the property and that the testimony indicated that only negotiations for a sale had been entered into and no final arrangements made. Therefore, he found that the plaintiff had not proved any damages suffered as a result of the delay in delivering the title certificates.
We agree with the decision of the trial judge that the testimony indicates that only negotiations were entered into for a sale of the land and trailers, and that there was no binding agreement between the parties which was rendered unenforceable by the failure of the defendant in this case to deliver the title certificates to the plaintiff. Therefore, the decision of the trial judge is affirmed, and the costs of this appeal are assessed against the appellee.
Affirmed.